[Department Two. — January 25, 1883.]

# E. A. S. PAGE, RESPONDENT, v. W. B. LATHAM, APPELLANT.

ATTACHMENT— INDEBTEDNESS SECURED BY MORTGAGE. — Lapse of time is not sufficient to authorize an attachment where a mortgage has been given to secure the payment of the indebtedness on which the action is brought. It cannot be assumed that the Statute of Limitations would be pleaded in action to enforce the security, nor could the statute have run without any fault on the part of the creditor.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to discharge an attachment.

The action was brought on two promissory notes executed by the defendant to the plaintiff. At the commencement of the action an attachment was issued against the property of the defendant. The following is a copy of the affidavit on which the attachment issued:—

" [Title of Court and Cause.]

"STATE OF CALIFORNIA, City and County of San Francisco.

"E. A. S. Page, being duly sworn, says: That she is a plaintiff in the above entitled action; that the said defendant is indebted to her in the sum of fifty-one hundred and ninety-seven dollars in gold coin, over and above all legal set-offs and counter-claims, upon certain express and implied contracts for the direct payment of money, to wit: upon two promissory notes dated November 16, 1871, for fourteen hundred dollars

each and interest thereon, made by defendant to said plaintiff, and the subsequent acknowledgment in writing, and promise of said defendant to pay the said notes and the interest thereon; that such contracts were made and are payable in this State, and that the payment of the same has not been secured by any mortgage or lien upon real or personal property, or any pledge upon personal property; that originally, at the time of the making of said notes, the said defendant executed and delivered to one N. Page a mortgage upon real property purporting to secure the payment of said two notes and the interest, but that said N. Page was not then nor has he since been the holder or the owner of said notes, or either of them, and that said mortgage has become valueless without any fault of this plaintiff, or of the said N. Page, by reason of the lapse of time.

"That the said attachment is not sought, and the said action is not prosecuted to hinder, delay, or defraud any creditor or creditors of the said defendant.

"E. A. S. PAGE.

"Subscribed and sworn to before me this 29th day of March, A. D. 1880.

"SAM'L S. MURFEY, Notary Public."

The defendant moved to discharge the attachment on the ground that the affidavit was insufficient. The court denied the motion.

*B. S. Brooks,* for Appellant.

*Rhodes & Barstow,* and *H. Hamilton,* for Respondent.

PER CURIAM. — The motion to dissolve the attachment should have been granted. · The only ground stated in the affidavit upon which the plaintiff claims that the mortgage given as security for the payment of the note has become valueless is lapse of time. The plaintiff does not know, nor can he until demurrer or answer, whether or not the plea of the Statute of Limitations will be interposed. If that plea should not be interposed the security would remain. Besides, if a person permits the statutory time to pass, is it not his act? He could have brought his action for foreclosure within the time; if he

omitted to do so it was his own act by which the security became valueless.

Order reversed and cause remanded, with instructions to grant the motion.

Hearing in Bank denied.